

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00040-CR

———————————————

JUSTIN WAYNE HERRING, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR16414

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant Justin Wayne Herring was indicted on two counts of aggravated assault with a deadly weapon.[1]  *See* Tex. Penal Code Ann. §§ 22.01(a)(1), 22.02(a)(2). He pleaded not guilty, and a jury trial was held.  After hearing all the evidence, the jury convicted Herring of both counts.  Following the trial's sentencing phase, the jury assessed Herring's punishment at twenty-five years' incarceration on each count, and the trial court sentenced him accordingly.[2]  Herring filed a motion for new trial, which was denied after a hearing.  Herring timely appealed.

After determining that Herring's appeal was frivolous, Herring's court-appointed appellate attorney filed a motion to withdraw as counsel and, in support of that motion, a brief.  *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).  Counsel's motion and brief meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  *See id.* at 744, 87 S. Ct. at 1400.  Additionally, in compliance with *Kelly v. State*, counsel provided Herring with copies of the brief and

---

[1]Herring was also indicted on one count of intoxication assault with a vehicle causing serious bodily injury.  *See* Tex. Penal Code Ann. § 49.07(a)(1).  But the State elected not to pursue this count at trial, and the trial court ultimately dismissed it at the State's request.

[2]The State filed a notice of intent to enhance Herring's punishment based on a prior felony conviction.  Because Herring pleaded "true" to the enhancement allegation, the punishment range for each of his aggravated-assault-with-a-deadly-weapon offenses was elevated to that of a first-degree felony.  *See id.* §§ 12.42(b), 22.02(b).

the motion to withdraw; he informed Herring of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court affirm his convictions; and he sent Herring paper copies of the clerk's record and the reporter's record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court gave Herring the opportunity to file a pro se response to the *Anders* brief, but he did not do so. The State did not file a brief.

We have carefully reviewed the record and counsel's brief and have determined that this appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgments.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 28, 2025